**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID GILLICK, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:19-cv-03095 SEP |
| DON WILLEY, et al., | ) ) ) |
| Defendants. | ) ) |

**Memorandum and Order**

This matter is before the Court on Plaintiffs Gillick, et al.'s Motion for Reconsideration (Doc. [38]) and Memorandum in Opposition to Defendants' Motion to Suspend Discovery Deadlines and Other Deadlines (Doc. [39]). Having fully considered Plaintiffs' arguments against the issuance of a stay, the Court will deny Plaintiffs' Motion for Reconsideration and affirm its previous order granting Defendants' request for a stay of proceedings.

**I.     Background**

The parties in this action are various trustees of Construction Laborers Pension Trust of Greater St. Louis ("Pension Trust"). Doc. [1] ¶ 2. Plaintiffs ("Employer Trustees") represent the employers who contribute to the Pension Trust, and Defendants ("Union Trustees") represent the labor organizations whose members are beneficiaries of the Pension Trust. *Id*. ¶¶ 3-4. In May of 2019, the trustees convened to vote on a motion concerning the Pension Trust's administration. *Id*. ¶ 7. The Employer Trustees voted for the motion, while the Union Trustees voted against, creating a deadlock among the trustees.

Article VIII of the Trust Agreement provides that in the event of a deadlock, the trustees shall select an impartial umpire to arbitrate their dispute. *Id*. ¶ 6. Article VIII further provides

1

that if the trustees cannot agree upon the selection of an umpire, any trustee may request that such an umpire be designated by the Chief Judge of the United States District Court for the Eastern District of Missouri. *Id.* The trustees were unable to agree on an umpire for the May 2019 motion, so the Employer Trustees filed a complaint asking the Court to appoint one. *Id.* ¶ 9. Meanwhile, the Employer Trustees of the Construction Laborers Welfare Trust of Greater St. Louis ("Welfare Trust")—an associated trust managed by several of the same trustees involved in this action—filed an identical complaint based on an identical deadlocked motion. *See Gillick, et al. v. Elliot, et al.*, Case No. 4:19-cv-3094-JCH (E.D. Mo.), Doc. 1.

On December 30, 2019, the Union Trustees in both this case and the Welfare Trust case moved to dismiss the Employer Trustees' complaints, arguing that Article VIII does not apply because the deadlocked motion is not arbitrable under the Labor Management Relations Act. Doc. [18] at 1; Case No. 4:19-CV-3094-JCH (E.D. Mo.), Docs. 26 and 27. On March 5, 2020, Judge Hamilton granted the Union Trustees' motion to dismiss in the Welfare Trust case. *Gillick v. Elliott*, No. 4:19CV3094 JCH, 2020 WL 1065646, at *1 (E.D. Mo. Mar. 5, 2020). The Employer Trustees in that lawsuit then appealed Judge Hamilton's order to the United States Court of Appeals for the Eighth Circuit. *Gillick v. Elliott,* Cause No. 20-1686 (8th Cir.).

On July 9, 2020, the Union Trustees in the instant case moved to stay proceedings pending the Eighth Circuit's decision in *Gillick v. Elliott*. Doc. [36]. Finding a stay appropriate under the circumstances, the Court granted the Union Trustees' motion. Doc. [37]. The Employer Trustees now move the Court to reconsider its order. The Employer Trustees note that they were not given an opportunity to respond to the Union Trustees' motion to stay, (Doc. [38] at 2), and they contend that a stay is inappropriate in this case. Doc. [39]. The Employer

Trustees therefore ask the Court to vacate its previous order, consider their arguments against the issuance of a stay, and then deny the Union Trustees' motion to stay the proceedings.

**II.     Discussion**

This Court possesses "inherent power to manage and control its docket." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (highlighting "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). That inherent power includes the power to stay proceedings pending the outcomes of other cases. *See, e.g.*, *SSDD, LLC v. Underwriter at Lloyd's, London*, No. 4:13–CV–258 CAS, 2013 WL 2420676, at *1 (E.D. Mo. June 3, 2013) (staying proceedings pending the outcome of parallel declaratory judgment action); *Seefeldt v. Ent. Consulting Int'l, LLC*, No. 4:19-cv-00188, 2020 WL 905844, at *1 (E.D. Mo. Feb. 25, 2020) (staying proceedings after the United States Supreme Court granted certiorari in a relevant case).

When faced with a motion to stay proceedings, the Court's task is to "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. "Factors relevant to a district court's determination of whether to stay proceedings include maintaining control of its docket, conserving judicial resources, and providing for the just determination of cases pending before it."[1] *Jordan v. Bayer Corp.*, No. 4:17–cv–00865–AGF, 2018 WL 837700, at *2 (E.D. Mo. Feb.

---

[1] The Employer Trustees urge the Court to apply the more stringent framework laid out in *Nken v. Holder*, 556 U.S. 418 (2009). Doc. [39] at 3-4. There, the Supreme Court identified four factors courts must consider before staying the enforcement of a judgment. Most courts have declined to apply the *Nken* factors to requests for stays of proceedings. *See Hart v. Charter Communications, Inc.*, No. SA CV 17-0556-DOC (RAOx), 2019 WL 7940684, at *4 (C.D. Cal. Aug. 1, 2019) (holding that *Nken* does not apply "where, as here, a party seeks only to stay the court's proceedings, rather than the effect of a judgment"); *RHI Refractories Liaoning Co., Ltd. v. United States*, 774 F.Supp.2d 1280, 1284 n.3 (Ct. Intl. Trade 2011) (explaining that *Nken* does not apply to the suspension of litigation); *Am. Hotel & Lodging Ass'n v. City of Los Angeles*,

3

13, 2018) (quoting *Covington v. Janssen Pharm., Inc.*, No. 4:17–CV–1588 SNLJ, 2017 WL 3433611, at *3 (E.D. Mo. Aug. 10, 2017)).

Courts in this circuit often stay proceedings when a decision from a higher court "will likely have a significant effect on the ultimate disposition of the instant matter." *Burford v. Monsanto Co.*, No. 4:16-cv-00536 PLC, 2016 WL 3878469, at *4 (E.D. Mo. July 18, 2016) (granting a stay while identical issue of law was appealed to the Eighth Circuit); *see also United States v. McClinton*, No. 15–252 (JRT/TNL), 2017 WL 3381817, at *1 (D. Minn. Aug 4, 2017) ("Because the Eighth Circuit's decision may affect whether McClinton is actually innocent under the ACCA's force clause, the Court will grant McClinton's motion to stay the proceedings pending the Eighth Circuit's decision in *Pettis*."); *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, No. 11-429 (DWF/FLN), 2014 WL 12774851, at *1 (D. Minn. Oct. 22, 2014) ("[T]he Court notes that it has broad discretion to stay proceedings while an appeal is pending under its inherent authority to control its docket.").

The Court finds that a stay is warranted here. If the Eighth Circuit affirms Judge Hamilton's decision in *Gillick v. Elliott*, that precedent would very likely determine the disposition of this case. The issues and arguments in both cases are identical, and Judge Hamilton's order in *Elliott* shows there is at least a reasonable likelihood the Union Trustees will succeed on their motion to dismiss. Subjecting the parties to costly discovery—and devoting

---

No.: CV 14-09603-AB (SSx), 2015 WL 10791930, at *2 (C.D. Cal. Nov. 5, 2015) ("*Nken* applies **specifically** to stays of the enforcement of an order or judgment . . . .") (emphasis in original); *McElrath v. Uber Tech., Inc.*, No.16-cv-07241-JSC, 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017) ("*Nken* addresses whether to stay the enforcement of a judgment, rather than staying an action pending disposition of an appeal."). Therefore, the Court declines to apply *Nken* here.

substantial judicial resources to an unsettled question of law—would not be prudent when directly relevant guidance from the Eighth Circuit is forthcoming.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Gillick, et al.'s Motion for Reconsideration (Doc. [38]) is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that the parties shall promptly notify the Court when the Eighth Circuit issues a decision in *Gillick v. Elliott*, Cause No. 20-1686, so that a supplemental scheduling conference may be set promptly in this matter.

Dated this   25th    Day of August, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE